Roane J.
The question which this record presents to the Court is, whether the vendor of land which he has not conveyed, has such a lien upon it, as that he may apply to a Court of Equity for a sale to supply the deficiency of the personal estate in paying the purchase money?
Upon an examination of the cases cited at the bar, the law seems to be settled, that where land is sold, and no security taken, nor money paid, the vendor retains a lien; and the rule must be the same, where a part of the consideration has been paid, as in this case. The authorities appear to be uniform in establishing this doctrine, where no bond is given for payment of the money. In the case of Blackburn v. Gregson, 1 Bro. C. C. 420, all the former adjudications upon the subject are brought into review before the Court, and the circumstance of a bond being given seems not to have been considered as important. However, I shall give no decision myself upon this point, as there is no bond in the present case. The doctrine seems also settled by the case of Hanson v. King, in the former Court of Appeals.
Upon the whole I am of opinion that the land is liable, and the decree consequently erroneous.
Fleming J. — It is clear in this case that there is no personal estate in the hands of the executor to pay the balance of the purchase money remaining due, and I consider the law as settled, that the vendor has a lien upon the land. T concur in opinion.
*184 The President. — If this aere a new case, I should feel no d’fficulty in making it a precedent. But the doctrine, that a vendor of land, not taking a security, nor making a conveyance, retains a lien upon the property, is so well settled as to be received as a maxim. Even if he hath made a conveyance, yet he may pursue the land in the possession of the vendee, or of a purchaser with notice. But if he hath taken a security, or the vendee hath sold to a third person without notice, the lien is lost. In this case, however, there was no conveyance made, and the land is now in possession of volunteer claimants under the vendee.
The opinion oe the Court is, “that the appellant not having conveyed the land, nor taken any security for the balance of his purchase money, hath a lien upon the lands in the hands of the appellees for satisfaction of such balance.”
Decree reversed.